IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

RUDY LEE RODRIGUEZ,

        Defendant.
_____

CR 03-485-RE
CV 05-451-RE

OPINION AND ORDER

Charles W. Stuckey
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Rudy Lee Rodriguez
#67472-065 C-119
Eloy Detention Center
1705 East Hanna Road
Eloy, AZ 85231

    Defendant Pro Se

REDDEN, Judge:

    The matter before the court is defendant's motion (doc. 153) under 28 U.S.C. § 2255 (2255 motion) to vacate or correct his sentence.

    On May 4, 2004, defendant entered a plea of guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

1 -    OPINION AND ORDER

On October 13, 2004, I sentenced defendant to a 51-month term of imprisonment, followed by five years of supervised release.

Defendant asserts in his 2255 motion that he was provided ineffective assistance of counsel because his counsel failed to press for departures on the grounds of aberrant behavior, acceptance of responsibility, or over-represented criminal history.

To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's performance was deficient in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; and (2) the deficient performance prejudiced the defense (*i.e.*, counsel's errors were so serious as to deprive defendant of a fair trial – a trial whose results are reliable). Strickland v. Washington, 466 U.S. 668, 690 (1984). Failure to make the required showing on either prong defeats the ineffectiveness claim. Id. at 700.

To establish deficient performance of counsel, defendant must first demonstrate that counsel not only committed errors, but also performed outside the "wide range of professionally competent assistance." Id. at 690. Defendant must show that counsel's representation failed to meet an objective standard of reasonableness. Id. at 688. To establish prejudice, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant's arguments for an aberrant behavior departure are unpersuasive. It is not incompetence of counsel as defined by Strickland to fail to insist during plea bargaining on every conceivable ground for departure. Indeed, in this case, defendant's counsel provided legal representation to defendant in the plea negotiations that resulted in a sentence of 51 months, when the guideline sentence for the quantity of narcotics involved was a range of 188 to 235 months and the mandatory minimum required by statute was 120 months.

Defendant's arguments about acceptance of responsibility and criminal history are not supported by the facts. Defendant received a three-level downward departure for

2 -   OPINION AND ORDER

acceptance of responsibility and his criminal history score was the lowest possible.

Finally, defendant asserts in his 2255 motion that under U.S.S.G. § 5K2.19, he is now entitled to a post-conviction downward sentence because he has "maintained clear conduct, and has been making efforts at rehabilitating himself." Defendant is mistaken. First, in his plea agreement defendant waived his right to file a 2255 motion on any ground except ineffective assistance of counsel. Even had he not, the sentencing guideline upon which he relies does not permit rehabilitative efforts by an inmate in custody to be grounds for departure.

For the reason discussed above, defendant's motion (doc. 153) under 28 U.S.C. § 2255 is DENIED, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this  22nd  day of June, 2005.

                                  /S James A. Redden
                                      James A. Redden
                                   United States District Judge